UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. LESCAVAGE,<br>On behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:19-278 |
| v. | : | (JUDGE MANNION) |
| CORRECTIONAL INSTITUTION VOCATIONAL EDUCATION ASSOCIATION, PSEA/DEA; CHARLES WALTERS; CAROLYN FUNKHOUSER, | :<br><br>: | |
| Defendants | : | |

**MEMORANDUM**

Pending before the court is defendants' motion to dismiss plaintiff's complaint. (Doc. 11). Upon review of the motion and related materials, defendants' motion will be **GRANTED IN PART AND DISMISSED AS MOOT IN PART**.

Defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d

1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250,1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Accepting the factual allegations of the plaintiff's complaint as true, the plaintiff worked as a correctional institution instructor at the State Correctional Institution at Frackville ("SCI-Frackville") for more than twenty-nine (29) years before his retirement in April 2018. During this time, he worked his way up through the salary and educational scales in the

- 3 -

successive collective bargaining agreements ("CBA") between CIVEA and the Commonwealth until he ultimately reached the maximum salary level.

In 2017, defendants disclosed for the first time a new 2016-2019 CBA which was negotiated with the Commonwealth. Older teachers subject to this new CBA were deprived of the longstanding and customary one-time annual cash payment for members who had reached the maximum step of the salary scale, while the salaries of all other employees were increased 4.5% annually for three (3) years. The elimination of the one-time payment for workers such as the plaintiff who had reached the maximum pay level deprived those workers, not only of the one-time payments, but also of loss of pension benefits. It further denied the workers of the compounded amounts they would have received for paid time off, as well as a higher rate of overtime pay.

According to the complaint, the 2016-2019 CBA was arrived at in secret and without prior notice to the members of the union until presented in 2017 during a video conference. Plaintiff and others protested to defendants about the elimination of the annual one-time cash payment and its effect on senior members, however, defendants rejected the protests and obtained ratification of the new CBA.

In his complaint, plaintiff brought claims for disparate treatment in violation of the Age Discrimination in Employment Act ("ADEA") ("Count I"), disparate treatment in violation of the Pennsylvania Human Relations Act ("PHRA") ("Count II"), a collective action for violation of the ADEA for age based disparate impact ("Count III"), a class action for violation of the PHRA for age based disparate impact ("Count IV"), a disparate treatment claim for breach of the duty of fair representation ("DFR") ("Count V"), and a disparate impact class action for breach of the DFR ("Count VI").

In their motion to dismiss plaintiff's complaint, defendants raise a number of arguments, several of which are moot in light of parallel arguments raised in a subsequently filed motion for summary judgment. Moreover, a joint stipulation filed with the court on May 3, 2021 moots the arguments raised in the motion to dismiss related to the claims in Counts I, III, V and VI against the individual defendants asserting claims under the ADEA and the common law duty of fair representation. Thus, the only remaining arguments which require the attention of the court in the motion to dismiss are the claims against the individual defendants in Counts II and IV of the complaint which assert claims under the PHRA.

In their motion to dismiss, defendants argue that the PHRA does not impose individual liability in this context. Defendants argue that the PHRA

allows individual liability only in two narrow circumstances: (1) if an agent of a labor organization individually retaliates against a member, 43 P.S. §955(d); or (2) if an agent "aid[s], abet[s], incite[s], compel[s] or coerce[s] the doing of any act declared by this section to be an unlawful discriminatory practice . . ." See Dici v. Com. Of Pa., 91 F.3d 542, 552 (3d Cir. 1996). Plaintiff counters that he has met the pleading requirements to show liability under the second circumstance by alleging "the individual Defendants, who were the Union's principal collective bargaining negotiators, stealthily set out to deprive those older Union members similarly situated to Plaintiff of the customary one-time annual cash payment by proposing, promoting, advancing, creating and agreeing with the Commonwealth to eliminate that one-time cash payment for those workers who had reached the maximum step of the salary scale." Defendants respond that plaintiff's argument does not address the fact that individual defendants cannot be liable under an aiding and abetting theory because the CBA was ratified through a democratic vote of union members after all CBA provisions were explained and debated by the membership.

  Although plaintiff argues that the individual defendants "stealthily set out to deprive those older Union members similarly situated to Plaintiff of the customary one-time annual cash payment by proposing, promoting,

advancing, creating and agreeing with the Commonwealth to eliminate that one-time cash payment for those workers who had reached the maximum step of the salary scale[,]" the plaintiff does not dispute the defendants' argument that the individual defendants cannot be held liable under an aiding and abetting theory because the CBA was ratified through a democratic vote of union members after all CBA provisions were explained and debated by the membership. In fact, the plaintiff has provided no support for any argument that individual union officers can be held liable for negotiating contract provisions approved by a democratic vote of union members. As such, the court will grant defendants' motion to dismiss on this basis.

In light of the foregoing, an appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 18, 2021**
19-278-01