UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. LESCAVAGE, : <br> On behalf of himself and others <br> similarly situated, : <br>        Plaintiffs   : <br>        v.      : <br> CORRECTIONAL INSTITUTION : <br> VOCATIONAL EDUCATION <br> ASSOCIATION, PSEA/DEA; : <br> CHARLES WALTERS; CAROLYN <br> FUNKHOUSER,   : <br>        Defendants   : | CIVIL ACTION NO. 3:19-278 <br><br> (JUDGE MANNION) |

**MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the defendants' motion for summary judgment be granted. (Doc. 63). The plaintiff has filed objections to the report. (Doc. 64). Defendants have filed a brief in support of the report (Doc. 65) to which plaintiff has filed a reply (Doc. 66). Upon review of the record, including the defendants' motion for summary judgment and related materials, Judge Carlson's report and recommendation, and the plaintiff's objections and related materials, the plaintiff's objections will be

**OVERRULED,** and the report and recommendation of Judge Carlson will be **ADOPTED IN ITS ENTIRETY** as the decision of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff brought the instant action setting forth claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §951, alleging that the defendants discriminated against him and others similarly situated based upon their age. Relatedly, the plaintiff sets forth a state law claim for breach of the duty of fair representation. As to these claims, the plaintiff alleges that the Correctional Institution Vocational Education Association ("CIVEA") discriminated when it negotiated a collective bargaining agreement ("CBA") that did not include an annual lump sum payment which was included in a prior CBA. Rather, the new CBA gave annual step increases to employees at lower steps and general pay raises to employees like plaintiff who had reached the maximum step allowed by the pay schedule. The plaintiff alleges that this ultimately led to him and others over the age of forty (40), who were at the maximum step, receiving less of a pay raise than those who were at lower steps and received a step increase.

The defendants filed a motion for summary judgment arguing, among other things, that the CBA at issue was not negotiated based upon age, but upon the desire of a majority of members to have annual step increases.

Moreover, defendants argue that, despite the plaintiff's claims, a majority of union members over forty (40) years of age actually benefitted from the CBA at issue.

Having reviewed the undisputed facts of record as presented by the parties, Judge Carlson determined that the plaintiff cannot establish a claim under either the ADEA or the PHRA and that the defendants are entitled to judgment as a matter of law as to those claims. Specifically, as to the disparate treatment claim, Judge Carlson found that the plaintiff had not set forth sufficient evidence to establish a *prima facie* case of age discrimination because he had not demonstrated an inference of discrimination based on age. Moreover, even if the plaintiff had established a *prima facie* case of age discrimination, Judge Carlson concluded that the defendants proffered a legitimate nondiscriminatory reason for removing the lump sum payments from the CBA, i.e., obtaining step increases for a greater number of union members rather than retaining lump sum payments for a smaller number of members. Judge Carlson found that the plaintiff failed to set forth evidence that the defendants' proffered reason was pretext for age discrimination.

With respect to the disparate impact claim, Judge Carlson noted the plaintiff's burden was heavier than for his disparate treatment claim. Even assuming plaintiff could set forth a *prima facie* claim, Judge Carlson

determined that the defendants have shown they relied on reasonable factors other than age ("RFOA") in making their decision to forego the lump sum payments, those being increasing salary earnings for members who were not at the top level of the pay schedule and providing annual step increases to the majority of members who voted in favor of them.

Finally, in light of his recommendation that summary judgment be entered in favor of the defendants on the ADEA and parallel PHRA claims, Judge Carlson recommends that the court decline to exercise supplemental jurisdiction over the ancillary state law fair representation claim.

The plaintiff takes issue with a number of Judge Carlson's findings having set forth eight pages of "deficiencies and errors" in his objections. Substantively, however, the plaintiff has briefed four arguments mainly related to his disparate impact claim. Initially, the plaintiff argues that Judge Carlson misinterprets and misapplies the "bottom line" defense rejected by the Third Circuit in *Karlo v. Pittsburgh Glass Works*, 849 F.3d 61 (3d Cir. 2017), and that he disregarded the Third Circuit's recognition that disparate impact claims of a sub-group of protected persons are cognizable. The plaintiff argues that the sub-group of fifty-nine (59) bargaining unit members aged forty (40) and over to which he belongs has been adversely affected by the elimination of the one-time cash payment. Given *Karlo*, the plaintiff

argues that it is irrelevant that the majority of the entire pool of CIVEA members who benefited from the elimination of the annual lump sum were also over forty (40).

Relatedly, the plaintiff argues that Judge Carlson failed to apply the correct standard and legal test for the RFOA defense under the ADEA. Here, the plaintiff argues that the report incorrectly concluded that the most important issue for the majority of the bargaining unit members was annual increases in step movement. In so arguing, the plaintiff provides that Judge Carlson relied upon the results of a 2014 CIVEA survey of bargaining unit members to find that they wanted annual step increases and that the defendants merely accommodated that want in eliminating the annual one-time lump sum payment for fifty-nine (59) members all over age forty (40). The plaintiff argues that the record belies any notion that a majority of the bargaining unit prioritized step movements when only 12% of the unit responded to the survey, and of that 12%, only twenty-four (24) of the forty-four (44) survey respondents noted step movement as a priority. The plaintiff argues that twenty-four (24) out of 359 members does not justify any assertion that a majority of the bargaining unit viewed step movement as a priority.

In this same vein, the plaintiff argues that Judge Carlson erred in failing to conclude that the defendants did not meet their burden of proof for their RFOA defense. Citing to *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008), the plaintiff argues that when a plaintiff isolates and identifies a specific employment practice that is alleged to cause a significant disparate impact on older workers, the employer must prove, not just articulate, the reasonableness of a non-age factor.

In considering these objections, the court has reviewed Judge Carlson's report as it pertains to the plaintiff's disparate impact claim and agrees with the standard relied upon, as well as his analysis of the claim and his conclusion that summary judgment should be granted in favor of the defendants. In coming to that conclusion, Judge Carlson recognized and adhered to the Third Circuit's opinion in *Karlo*. Citing to *Karlo*, Judge Carlson noted the heavy burden a plaintiff bears in establishing a disparate impact *prima facie* case. Looking at the facts of this particular case, Judge Carlson found that, even assuming the plaintiff had met his *prima facie* burden, as per *Karlo*, the defendants may and did, in fact, show that the challenged practice, i.e., the elimination of the annual lump sum, was based on a reasonable factor other than age ("RFOA defense"). As discussed by Judge Carlson, the defendants provided that "the negotiations for the [collective

bargaining agreement] were driven by the intent to increase salary earnings of the members who were not at the top level of the pay schedule, and to overall achieve the stated goal of many members, which was annual step increases." Further, it was to allow for quicker step movement of lower-step employees. Citing to the Supreme Court case of *Smith v. City of Jackson, Miss.*, 544 U.S. 228 (2005), and the case of *Governor v. Mifflin School District*, 623 F.Supp. 734 (E.D.Pa. 1985), which had a very similar factual background to the case at hand, Judge Carlson found that the defendants had shown that they relied on a RFOA in eliminating the annual one-time payment so as to defeat the plaintiff's claim of disparate impact under the ADEA. The court agrees with Judge Carlson's report on this basis and the plaintiff's objections in this regard will be overruled.

The plaintiff next argues that the report fails to apply the correct standard for determining causation under the ADEA. Here, the plaintiff argues that Judge Carlson erroneously found that "the evidence must be a sufficient basis for a reasonable jury to conclude that age was the determinative, but-for cause of the [adverse employment action]." (Doc. 63, p. 13). The plaintiff argues that, at summary judgment, a plaintiff need not meet the "but-for" evidentiary burden, but simply meet the *Perskie*[1] standard

---

[1] *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994).

of evidence of pretext. Citing to *Burrage v. United States*, 571 U.S. 204 (2014), the plaintiff argues that he need not show age was "the" but-for cause of the adverse action. Rather, he need only show that age was "a" but-for cause given that there can be more than one "but-for" cause.

Initially, courts have been inconsistent as to whether "but-for" cause means a sole cause. *See DiBenedetto v. AT&T Servcs., Inc.*, 2022 WL 1682420, *4 fn.5 (N.D.Ga. 2022) (comparing cases). The plaintiff here relies on *Burrage* which addresses "but-for" causation in relation to the Controlled Substances Act and did not involve an ADEA claim. *See Burrage*, 571 U.S. at 210. In the ADEA context, the Third Circuit has suggested that "but-for" causation requires a single cause. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Regardless, however, the plaintiff hasn't shown that age was either "the" but-for cause or "a" but-for cause. In fact, as the record demonstrates, it was the plaintiff's seniority or placement on the salary schedule which led to the loss of the lump sum payment, not his age.

Finally, citing to *Reeves v. Sanderson Plumbing Product, Inc.*, 530 U.S. 133 (2000), the plaintiff argues that the report fails to correctly apply the pretext prong of the *McDonnell Douglas* burden-shifting framework. In this regard, the plaintiff argues that, at the pretext stage, his burden is only one of production, not of persuasion and involves no credibility assessment. The

plaintiff argues he can meet his burden by discrediting the proffered reasons, either circumstantially or directly, or adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.

The plaintiff argues that under the first factor, he expressly set forth at least four indicia of pretext, but that Judge Carlson failed to rely on his evidence in rejecting these indicia of pretext. Further, the plaintiff argues that contrary to Judge Carlson's conclusion, there is sufficient evidence at this stage of the proceedings from which a jury might reasonably conclude that the defendants did not eliminate the lump sum out of the benign intentions they have proclaimed and are cited by Judge Carlson.

In considering this final contention, the court agrees with Judge Carlson's assessment that the plaintiff has failed to make it past the *prima facie* case, such that discussion of pretext is unnecessary. In any event, the court has reviewed the report in relation to the pretext analysis and agrees with Judge Carlson's assessment. As such, the court will overrule the plaintiff's objections on this basis.

- 11 -

Considering the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 13, 2024**
19-278-02